G. WILLIAM SWIFT, Jr., Judge Pro Tern.
Petitioner Ronald R. Ryall has now filed a pleading with this court entitled “Motion for a Bill of Information.” It is actually a petition for post-conviction relief (see La.C. Cr.P. 924, et seq.) and tracks his earlier application which was received in this court on November 30, 1982. That application was denied on December 1, 1982, reserving petitioner’s rights to seek such relief in the district court. It has come to our attention that on January 11, 1983, the trial court denied all requests for post-conviction relief filed by the relator.
All of relator’s present complaints can be reduced to a request that this court vacate his guilty plea which was entered on July 13, 1982, after full “Boykinzation” by the trial judge.
The “Boykin” form executed by the defendant establishes that the required elements of that case were acknowledged and initialed by the defendant. Also, on the back of this form, the defendant, his counsel and the assistant district attorney executed a document unequivocally spelling out the plea agreement and sentence.
While relator may now regret entering the plea bargain, his subsequent allegations that his plea was coerced and illegally induced are obviously invalid since the defendant knew exactly what he was bargaining for. Undoubtedly, the same dissatisfaction has given rise to his allegation of ineffective assistance of counsel, which is not supported by any specific allegations of fact indicating that counsel did not act in the best interest of the petitioner. Further, nothing in the docket master reflects that counsel was negligent in attending to the defense of his client.
Accordingly, the writ is denied.
WRIT DENIED.